UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| Plaintiff, : | CRIMINAL NO. |
| : | |
| : | 18 U.S.C. § 1341, 1349 (Mail |
| : | Fraud) |
| vs. : | |
| : | |
| CALEB GRAY-BURRISS : | |
| : | |
| Defendant. : | |

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. The National Association of Special Police and Security Officers ("NASPSO") was a labor union headquartered in Washington, D.C. that represents private security guards.

2. NASPSO negotiates with employers engaged in the private security guard industry with respect to wages, hours, and other terms and conditions of employment. Pursuant to that representation, NASPSO has executed collective bargaining agreements with employers covering the private security guards employed at public buildings in the District of Columbia and the Metro Washington area.

3. Defendant CALEB GRAY-BURRISS founded NASPSO in 1993 and served as its primary officer and sole employee for many years. GRAY-BURRISS previously served as president and executive

director of NASPSO. At all times relevant to this Indictment, GRAY-BURRISS served as treasurer of NASPSO.

4. NASPSO sponsored an employer-funded pension plan created through the collective bargaining process ("The NASPSO Pension Plan" or "the Plan"). Some collective bargaining agreements executed by NASPSO required the employers to contribute a fixed amount per hour worked to the NASPSO Pension Plan on behalf of individual security guards in their employ. The purpose of the NASPSO Pension Plan was to provide pension, 401(k), or retirement benefits to the security guards covered.

5. On or about June 16, 2004, Defendant GRAY-BURRISS opened a non-interest bearing checking account (Acct. No. 1100058674) at Harbor Bank of Maryland on behalf of the NASPSO Pension Plan ("The NASPSO Pension Plan Account") with himself as a signatory to the account.

6. Employers who were required to make contributions to the NASPSO Pension Plan delivered those contributions to Defendant GRAY-BURRISS by means of the United States Postal Service or a private commercial carrier. Defendant GRAY-BURRISS deposited those contributions in the NASPSO Pension Plan Account.

7. From about June 2004 through August 2006, GRAY-BURRISS wrote numerous checks from the NASPSO Pension Plan Account with payments to "cash"; with payments to himself as the payee; with payments to NASPSO or NASPSO vendors as the payee; and with

payments to other third parties not entitled to those funds as the payees who were neither beneficiaries of, nor vendors of services to, the NASPSO Pension Plan.

## COUNTS ONE through FOUR

## (18 U.S.C. § 1341)

1. The allegations contained in paragraphs 1 through 7 of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

### The Scheme to Defraud

2. Beginning at least as early as June 2004 and continuing at least through August 2006, in the District of Columbia and elsewhere, Defendant CALEB GRAY-BURRISS, with intent to defraud, did knowingly devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

3. It was part of the scheme that Defendant GRAY-BURRISS would represent to security guards represented by NASPSO and employers who were negotiating with NASPSO that the NASPSO Pension Plan would provide pension, 401(k), or retirement benefits to security guards if the employers agreed to participate in the NASPSO Pension Plan.

4. It was part of the scheme that Defendant GRAY-BURRISS would represent to employers who were negotiating with NASPSO

3

that participation in the NASPSO Pension Plan by the employers would satisfy their legal obligation to provide benefits to its security guards.

5. It was part of the scheme that Defendant GRAY-BURRISS would represent to security guards represented by NASPSO and employers that agreed to participate in the NASPSO Pension Plan that it was governed by a trust agreement; that the funds of the Plan were held in trust; that the Plan had trustees who would oversee the operation of the Plan and adopt rules for its administration; that individual records of the accounts of security guards covered by the Plan would be kept; that both the security guards covered by the Plan and their employers would receive an accounting from the Plan; and that the Plan would pay the promised benefits to security guards when they retired or otherwise left employment with their employer.

6. It was part of the scheme that Defendant GRAY-BURRISS would represent to the security guards represented by NASPSO and employers that agreed to participate in the NASPSO Pension Plan that the Plan was providing pension, 401(k), or retirement benefits to its security guards.

7. It was part of the scheme that Defendant GRAY-BURRISS would represent to security guards represented by NASPSO that the purpose of the NASPSO Pension Plan was to provide pension, 401(k), or retirement benefits to security guards whose employers

agreed to contribute to it and that they would receive pension, 401(k), or retirement benefits from the NASPSO Pension Plan when they retired or otherwise left employment with their employer.

8. It was part of the scheme that, contrary to the above representations, Defendant GRAY-BURRISS would fail to adopt a trust agreement for the Plan; failed to hold the funds of the Plan in trust; failed to appoint trustees who would oversee the operation of the Plan and adopt rules for its administration; failed to keep individual records of accounts of security guards covered by the Plan; failed to provide both the employers and security guards covered by the Plan with an accounting from the Plan; and failed to pay the promised benefits to security guards when they retired or otherwise left employment with their employer.

9. It was part of the scheme that, contrary to the above representations, Defendant GRAY-BURRISS would expend the funds of the NASPSO Pension Plan for himself, for NASPSO, and for third parties not entitled to those funds and not for the purpose of providing pension, 401(k), or retirement benefits to security guards whose employers agreed to contribute to the Plan.

### Execution of the Scheme

10. In furtherance of the above-described scheme to defraud, and for the purpose of executing and attempting to execute said scheme, Defendant GRAY-BURRISS knowingly used and

caused the use of a commercial interstate carrier, and did knowingly place and caused to be placed in an authorized depository for mail matter, the following items from the respective addressors to Defendant GRAY-BURRISS:

| Count | Addressor | Addressee | Item Mailed | Method of Delivery |
|---|---|---|---|---|
| 1 | SecTek | NASPSO<br>1101 30th St NW<br>Washington DC<br>20007 | Contribution Check to NASPSO Pension Plan for $3,121.28 dated January 10, 2006 | Federal Express with invoice dated January 13, 2006 |
| 2 | SecTek | Caleb Burriss<br>NASPSO<br>1101 30th St NW<br>Suite 500<br>Washington DC<br>20007 | Contribution Check to NASPSO Pension Plan for $8,272.83 dated February 10, 2006 | Federal Express with invoice dated February 10, 2006 |
| 3 | SecTek | Caleb Burriss<br>NASPSO<br>1101 30th St NW<br>Suite 500<br>Washington DC<br>20007 | Contribution Check to NASPSO Pension Plan for $7,058.60 dated March 13, 2006 | Federal Express with invoice dated March 13, 2006 |
| 4 | DECO | Pension Fund<br>Nat'l Assoc of<br>Special Police<br>& SO 1101 30th<br>St NW Ste 500<br>Washington DC<br>20007 | Contribution Check to NASPSO Pension Plan for $2,027.85 dated March 16, 2006 | United Parcel Service with invoice dated March 18, 2006 |

All in violation of Title 18, United States Code, Section 1341 and 1349.

### FORFEITURE ALLEGATION

### (18 U.S.C. § 981(a)(1)(C))

1. The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses set forth in Counts One through Four of this Indictment, Defendant CALEB GRAY-BURRISS shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, at least $102,000 in money and property taken by Defendant GRAY-BURRISS.

3. If any of the property described above, as a result of any act or omission of Defendant GRAY-BURRISS:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be

divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

TRUE BILL:


FOREPERSON


TRIAL ATTORNEY

*[signature]*

Vincent J. Falvo, Jr., Trial Attorney
United States Department of Justice