```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                            )
UNITED STATES OF AMERICA,   )
                            )
     v.                     )
                            )    Criminal Action No. 10-178 (RWR)
CALEB GRAY-BURRISS,         )
                            )
     Defendant.             )
_____)
```

### MEMORANDUM ORDER

On September 27, 2012, the government filed a motion in limine to preclude the defendant from presenting under Federal Rule of Evidence 702 an expert witness at trial. The docket shows that the motion was electronically served upon both counsel for the defense, H. Heather Shaner and Patrick Christmas. The motion states that the defense asked the government if it had any expert witness discovery. See Fed. R. Crim. P. 16(a)(1)(G). The government says it complied with that rule by responding that it will not present any expert testimony. Upon complying, the government says it demanded reciprocal discovery of defense experts, as it is entitled to do under Rule 16(b)(1)(C), on numerous occasions both outside of court and during multiple status hearings in court.

The government recites that it recently received a call from an accountant who said he would be an expert for the defense. The government states that the defense pledged to produce information about its expert witness by September 15, 2012. When

- 2 -

the defense did not do so, the defense counsel proposed to do so in a meeting set for September 27, 2012, but canceled the meeting that day.  The government to date has received no Rule 16(b)(1)(C) material about the defendant's expert witness.

In considering whether to grant a motion to preclude an expert witness, a court must balance the "defendant's right to offer the testimony of witnesses in his favor" against "[t]he integrity of the adversary process, . . . interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process[.]"  Taylor v. Illinois, 484 U.S. 400, 414-15 (1988).

Rule 16(b)(1)(C) is designed in part to permit a fair opportunity for the government to prepare for and test the value of any expert testimony.  The defendant has not fulfilled his obligation to comply with the rule.  If any defense expert discovery were available at this stage, one possible remedy to permit the government to prepare for it would be to delay the start of the trial.  In this case, the trial has been set for November 2, 2012 ever since the April 19, 2012 scheduling conference was held and the pretrial order was issued.  That unusually large amount of trial preparation time was provided "in order to assure continuity of counsel and full readiness of all parties for trial." Minute Order, June 13, 2012.  And the trial date was finally set only after numerous scheduling continuances

- 3 -

sought by the defense ever since July 27, 2010.  The parties confirmed their full readiness for trial in a joint status report on June 13, 2012.  The interest of a "fair and efficient administration of justice" counsels against opting to delay the trial due to the defendant's failure to abide by rules designed to facilitate a fair exchange of relevant materials.  In considering the last Taylor factor, allowing a defense expert to testify without allowing the government its fair chance to prepare for and to test the witness would undermine "the truth-determining function of the trial process" by unduly constraining the government's ability to prepare for proper cross-examination.

   Ordinarily, the defense might be expected to aid the court in assessing the Taylor factors by offering some explanation about why it has not produced the Rule 16(b)(1)(C) discovery.  It has certainly had that opportunity ever since it was served electronically with the government's motion 21 days ago.  Indeed, the defense had an obligation to respond if it disputed the factual allegations advanced or the relief sought by the government.  But the defense has filed no response at all to the government's motion.  It has chosen to neither explain its actions nor oppose the government's request for relief.  Whether its failure to comply with Rule 16(b)(1)(C) is willful or not is unknown, but the government's motion is deemed conceded in light of the defense's failure to respond to it.  LCrR 47(b).  The

- 4 -

balance of factors under Taylor weighs in favor of granting the government's motion.  Accordingly, it is hereby

ORDERED that the government's motion in limine [136] to preclude expert testimony by the defendant be, and hereby is, GRANTED.

SIGNED this 17th day of October, 2012.

>          /s/
> RICHARD W. ROBERTS
> United States District Judge