UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
UNITED STATES OF AMERICA,        )
                                )
        v.                       )
                                )     Criminal Action No. 10-178 (RWR)
CALEB GRAY-BURRISS,              )
                                )
        Defendant.               )
_____ )

### MEMORANDUM ORDER

The defendant moved on October 17, 2012 to continue the
November 2, 2012 trial date.  He cites several principal reasons:
1) one of his two counsel, Patrick J. Christmas, Esq., just
received on October 9 and 11, 2012, copies of over 2,000 pages of
statements from non-testifying witnesses and testifying
witnesses, agent notes and other Jencks materials, and government
trial exhibits; 2) fourteen potential witnesses had not yet been
contacted by the defense; 3) the expert forensic accountants
retained by the defense had not been properly prepared; and 4)
despite the time he has spent thus far preparing for trial,
Christmas is not and will not be fully prepared for trial
particularly given his other upcoming court appearances.

The court is not unsympathetic to the difficulties trial
lawyers encounter in preparing for trial in multiple-count
criminal cases.  Defense counsel in particular do not have at
their disposal the breadth of investigative resources that are
available to federal prosecutors.  That is partly why the

- 2 -

defendant has been granted the numerous continuances and
accommodations he has sought for over more than two years to
review extensive discovery materials, locate potential expert
witnesses, identify and litigate pretrial motions, pursue
potential dispositions of the charges short of trial, adjust for
counsel's family emergencies, and provide for continuity of
counsel.[1]

Over 27 months after the original indictment was returned in
this case, though, the public interest in resolving these charges
timely and the court's interest in the fair and efficient
administration of justice and management of its docket of cases
warrant weighty consideration as well.  Given the history of this
case, the defendant's proffered reasons for a trial continuance
are not compelling.

The government produced, as a courtesy, copies of statements
of people who will not be trial witnesses, material that the
government was not even required under the Jencks Act, 18 U.S.C.
§ 3500, to produce.  The government vowed two years ago to
provide to the defense one week before trial the materials the
Jencks Act does not even require it to produce until after the

_____

[1] At one point before Christmas entered his appearance as
retained counsel, the court had appointed a second counsel under
the Criminal Justice Act ("CJA") to help represent the defendant
when his original and still current CJA counsel, H. Heather
Shaner, Esq., faced family health emergencies that at the time
made her continuing availability uncertain.

- 3 -

witness has testified at trial.  Instead, the government produced
the Jencks statements three weeks before trial.  Moreover,
receiving courtesy copies of government trial exhibits three
weeks before trial is a benefit, not a burden.[2]  The recent
document production poses no basis for a continuance.

Nor does any professed need to interview more witnesses.
Twenty-seven months is not too short a period of time to allow
such interviews to have occurred.  The defendant has not even
shown why the time between now and the start of trial would
preclude his attorneys or investigator from accomplishing those
interviews, or how interviews of those particular witnesses are
critical to preparing his defense.  In addition, his need to
prepare experts has been mooted by his complete failure to have
complied with his reciprocal discovery obligations under Federal
Rule of Criminal Procedure 16(b)(1)(C) and the October 17, 2012
Order granting the government's motion to preclude the defense

---

[2] The government certainly cannot be accused of ambushing
the defense with last-minute discovery production.  After the
original indictment was returned, the government announced at the
October 29, 2010 status hearing, and the defense confirmed, that
all discovery had been produced.  After the first superseding
indictment was returned, the government produced all additional
discovery by the June 8, 2011 status conference, which the
defense confirmed at that time.  Likewise, the government and
defense agreed at the September 6, 2012 status hearing --
attended by both Shaner and Christmas -- that all additional
discovery had been produced after the second superseding
indictment had been returned.

- 4 -

from presenting expert testimony.  That issue poses no basis for a continuance, as the Order explains.

Lastly, it may be understandable that Christmas may not feel fully prepared to conduct the trial on the current date set, given the recency (July 27, 2012) of his appearance in the case. Here, though, that poses no basis for a continuance.  H. Heather Shaner, Esq., the defendant's CJA counsel from the beginning of the case over 27 months ago, still represents him.  This past June before Christmas entered his appearance, Shaner and the government announced that there were no impediments to trial-readiness by all parties.  The defendant is represented by able, experienced CJA counsel who has been on the case throughout.  He has the benefit of two experienced counsel, not just Christmas. They can be expected to adjust trial responsibilities to achieve the zealous and effective representation to which the defendant is entitled.  Accordingly, it is hereby

ORDERED that defendant Caleb Gray-Burriss's motion [141] to continue the trial be, and hereby is, DENIED.

SIGNED this 19th day of October, 2012.

_____/s/_____

RICHARD W. ROBERTS
United States District Judge
