```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
     v.                       )
                              )    Criminal Action No. 10-178 (RWR)
CALEB GRAY-BURRISS,           )
                              )
     Defendant.               )
_____)
```

## MEMORANDUM ORDER

At the close of the government's case-in-chief and his own case, defendant Caleb Gray-Burriss moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal. Rule 29(a) requires the court, on the defendant's motion, to enter a judgment of acquittal for "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The motion for judgment of acquittal may be granted where "'there is no evidence upon which a reasonable mind might find guilt beyond a reasonable doubt.'" United States v. Byfield, 928 F.2d 1163, 1165 (D.C. Cir. 1991) (quoting United States v. Hernandez, 780 F.2d 113, 120 (D.C. Cir. 1986)). "The evidence must be viewed 'in the light most favorable to the Government.'" Id. (quoting United States v. Singleton, 702 F.2d 1159, 1163 (D.C. Cir. 1983)). Under Rule 29(b), when the court reserves ruling on the motion, the court must "decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

-2-

The court reserved ruling on the motion as to Count Twelve of the second superseding indictment, which charged Burriss with embezzlement and theft from a labor organization in violation of 29 U.S.C. § 501(c).  Count Twelve alleged that Burris embezzled from the National Association of Special Police and Security Officers ("NASPSO") by making fifteen unauthorized direct deposit payments to Gaby Fraser from the NASPSO bank account totaling $43,374.99.

One essential element of the statute outlawing embezzlement and theft from a labor organization that must be proven beyond a reasonable doubt is that the defendant acted with fraudulent intent in taking or diverting the union's money.  United States v. Hammond, 201 F.3d 346, 349 (5th Cir. 1999); United States v. Welch, 728 F.2d 1113, 1116 (8th Cir. 1984); see also United States v. DeFries, 129 F.3d 1293, 1306, 1308 (D.C. Cir. 1997) (stating that the lack of authorization element is distinct from the fraudulent intent element of embezzlement in 29 U.S.C. § 501(c)).  At trial, the government established in its case-in-chief that NASPSO employed Fraser in September 2011 and the NASPSO board authorized her $45.00 per hour wage rate on October 15, 2011.  Two days later, Burriss directed a payroll management company to have Fraser paid $2,925 semimonthly from NASPSO's account through direct deposit, the equivalent of a $70,200 annual salary.  Government witness John Tresvant

-3-

testified that an annual salary would cost the union less money than paying Fraser the $45.00 hourly wage in light of the number of hours she worked.  Testimony of John Tresvant, November 21, 2012.  Further, government witness Kenric Michael stated, during cross-examination, that Fraser was paid less as a salaried employee than she would have been paid as an hourly employee based on the number of hours she worked.  Testimony of Kenric Michael, November 19, 2012.  This testimony that putting Fraser on a yearly salary was intended to save the union money was unrebutted with any testimony to the contrary.  That called into question the sufficiency of the evidence of Burriss' fraudulent intent.

A closer review of the evidence presented in the government's case-in-chief reveals a sufficient amount, when viewed in the light most favorable to the government, to have permitted a reasonable jury to find fraudulent intent beyond a reasonable doubt.  Burriss switching Fraser to a $70,200 per year salaried basis just two days after the board authorized instead only wages of $45 per hour was neither disclosed to nor authorized by the board when he made the switch.  Nor did the actual number of hours Fraser worked while paid hourly reflect any savings to NASPSO by switching her to a salary or that her

-4-

hours justified the salary that she received.[1]  Government Exhibits 100b and 210 show that between September 21 and November 30, 2011, Fraser was paid for working roughly 11 to 30 hours per week which cost far less at $45 per hour than the salary rate to which Burriss switched Fraser.

In light of all of the other evidence with which the jury found theft, misappropriation, and falsification by Burriss, a reasonable juror could have found that the salary was unauthorized and Burriss engineered it with fraudulent intent. Since the government provided in its case-in-chief sufficient proof as to Count Twelve, and the defense's case did not nullify that evidence, it is hereby

ORDERED that the defendant's motion made at trial for judgment of acquittal as to Count Twelve be, and hereby is, DENIED.

SIGNED this 6th day of February, 2013.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[1] Burriss's argument that his home detention forced Fraser to work additional hours, Def.'s Reply to Govt.'s Opp'n to MJOA at 3 (citing testimony of defense witness Jones) does not hold water for most of the unlawful payments charged in Count 12. Burriss was not placed on home detention until April 2012.  The direct deposit authorization and salary change occurred well before then.