UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**,<br><br>v.<br><br>**CALEB GRAY-BURRISS**,<br><br>Defendant. | Case No. 10-cr-00178 (CRC) |

**MEMORANDUM OPINION**

Defendant Caleb Gray-Burriss, proceeding *pro se*, filed a "Motion Pursuant to 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" on April 13, 2020. See Motion to Vacate, ECF. No. 313. For the reasons explained below, the Court will deny the motion.

**I.   Background**

   A.   Factual and Procedural History

This Court and the D.C. Circuit have laid out the factual and procedural background in this case in several prior opinions. See United States v. Gray-Burriss, 791 F.3d 50 (D.C. Cir. 2015) ("Gray-Burriss I"); United States v. Gray-Burriss, 251 F. Supp. 3d 13 (D.D.C. 2017) (Cooper, J.) ("Gray-Burriss II"); United States v. Gray-Burriss, 920 F.3d 61 (D.C. Cir. 2019) ("Gray-Burriss III"). Only those facts immediately relevant to the instant dispute are recounted here.

Defendant Caleb Gray-Burris was convicted in 2012 of fraud and embezzlement arising from his management of the National Association of Special Police and Security Officers ("NASPSO"), an organization which he founded in 1993. See Gray-Burriss I, 791 F.3d at 52–53. In April 2013, the Court, through former Chief Judge Roberts, sentenced Gray-Burris to 76

months' imprisonment and 36 months' supervised release, and ordered him to pay $252,276.38 in restitution.  See Minute Order April 8, 2013.

Gray-Burriss appealed his conviction to the D.C. Circuit asserting, *inter alia*, that he received ineffective assistance of counsel and that the trial court erred by excluding an employment contract purporting to authorize certain salary payments to him.  See Gray-Burriss I, 791 F.3d at 54.  After dealing with the other issues on appeal, the D.C. Circuit held that the exclusion of the employment contract was error and remanded the issue along with Gray-Burriss's ineffective assistance of counsel claims to the District Court in order to determine if the exclusion of the contract impacted Gray-Burriss's loss or restitution amount.  See id. at 58–59, 65.  On remand, Gray-Burriss moved for a new trial and resentencing.  Gray-Burriss II, 251 F. Supp. 3d at 14–15.  This Court conducted a two-day evidentiary hearing on the ineffective assistance and employment contract issues where Gray-Burriss's previous lawyers, the former general counsel of the NASPSO, and Gray-Burriss himself testified.  Gray-Burriss III, 920 F.3d at 64–65.  The Court denied Gray-Burriss's motions.  Gray-Burriss II, 251 F. Supp. 3d at 15, 27.  In addition to denying Gray-Burriss's ineffective assistance claims, the Court rejected his challenge to the loss and restitution amount ordered in the original sentence on the basis that he had failed to "rebut the government's evidence [on] or to offer any evidence to support the legitimacy of" the challenged employment contract.  Id. at 27.  The Court found that the restitution amount was proper and further concluded that the same sentence would have been warranted even if payments to Gray-Burris under the challenged contract had been subtracted from the loss amount.  See Gray-Burriss III, 920 F.3d at 64 n.3 (noting that "[o]n remand, the district court determined that the same sentence was warranted, and Gray-Burriss has not raised that issue on appeal").  The D.C. Circuit affirmed.  Id. at 69.

Gray-Burriss filed the instant motion on April 13, 2020, challenging the restitution amount imposed in the sentence and citing essentially the same employment-contract grounds previously rejected. Compare Motion to Vacate at 10 ("I ask this court in the interest of justice [to] reconsider the 2009 Employment Agreement"), with Gray-Burriss I, 791 F.3d at 54–61 (describing the challenged employment contracts) and Gray-Burriss II, 251 F. Supp. 3d at 27 (holding that Gray-Burriss had failed to bring forth any evidence sufficient to rebut the government's showing regarding the 2009 employment contract).[1] Gray-Burriss also asks the Court to appoint him counsel. See Letter Filed by Caleb Gray-Burriss Regarding Request for Appointment of Counsel on 2255 Motion, ECF No. 314.

II. Analysis

A. Request for Habeas Relief

A "prisoner in [federal] custody" may petition the court to "vacate, set aside or correct" his sentence if he believes that it "was imposed in violation of the Constitution or laws of the

---

[1] To the extent that Gray-Burriss's motion may be construed as addressing other factual matters allegedly justifying a reduction in the restitution amount, the Court is procedurally barred from considering them here, as Gray-Burriss failed to raise these challenges in either of his direct appeals. See Gray-Burriss I, 791 F. 3d at 54–61 (describing the employment contracts challenged in Gray-Burriss's first appeal); Gray-Burriss III, 920 F. 3d at 64 n.3 (noting that "Gray-Burriss has not raised [the issues related to the sentencing impact of the employment contracts] on appeal"). As the Supreme Court has explained "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted); see also United States v. Valdez, 199 F. Supp. 3d 13, 17 (D.D.C. 2016) (Cooper, J.) (describing the limitations on collateral review under 28 U.S.C. § 2255). Gray-Burriss's motion does not purport to demonstrate any actual innocence on his part, and he has failed to cite or show any cause for his failure to raise these claims on direct appeal. Therefore, to the extent that his motion may be construed as challenging restitution amounts beyond those associated with the previously challenged employment contract, these claims are procedurally barred and denied.

United States . . . or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence his right to relief. See United States v. Valdez, 199 F. Supp. 3d 13, 17 (D.D.C. 2016) (Cooper, J.).[2]

Gray-Burriss cannot show that he is entitled to habeas relief here. It is well-established that "challenges to restitution orders are not cognizable under 28 U.S.C. § 2255." United States v. Wilkins, 734 F. App'x 1, 5 (D.C. Cir. 2018), cert. denied, 139 S. Ct. 347 (2018). Because "a claim disputing a restitution order in the circumstances here does not challenge any aspect of the government's custody over the defendant," such claims "therefore may not be brought under § 2255." Id. While at points Gray-Burris uses the words "loss/restitution" in reference to the issue presented in his petition, see, e.g., Motion to Vacate at 3, the substance of his petition contests the restitution amount, and not any aspect of the underlying conviction or sentence, see, e.g., id. at 6 ("I Ask this court in its consideration of the Restitution Hearing issues credit in the amount which are mention[ed] in these counts."). Thus, because Gray-Burriss's petition only

---

[2] The Government treats the present motion as a second successive habeas petition, and argues for its denial on the basis that Gray-Burriss has not satisfied the demanding procedural requirements for such motions. See Gov't Response in Opposition to Defendant's Second Motion for Relief Under Section 2255, ECF. No. 316 at 5–6. While the Court notes that the docket appears to list a motion filed during the pendency of the 2016 remand and evidentiary hearings as a habeas proceeding, see Supplement Motion to Consider Claims of Ineffective Assistance of Counsel, ECF No. 282, neither this Court nor the D.C. Circuit treated those proceedings as involving collateral review, see Gray-Burriss II, 251 F. Supp. 3d at 15, 27; Gray-Burriss III, 920 F. 3d at 69. As such, the Court will not treat Gray-Burriss's instant motion as a second successive habeas petition.

concerns the restitution amount imposed at sentencing, the Court will deny his motion for habeas relief under Section 2255.[3]

B. Appointment of Counsel

"In habeas corpus proceedings, the Court may appoint counsel 'for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28' if 'the interests of justice so require.'" Valdez, 199 F. Supp. 3d at 16 (quoting 18 U.S.C. § 3006A(a)(2)(B)). In determining whether appointment of counsel serves the interests of justice, courts must consider:

> 1) the petitioner's likelihood of success on the merits, 2) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved, and 3) the factual complexity of the case and whether the petitioner has the ability to investigate undeveloped facts.

Id. (quoting United States v. King, 4 F. Supp. 3d 114, 125 (D.D.C. 2013)).

Considering these factors here, each weighs against the appointment of counsel. See id. at 21. As explained above, the Court has rejected each of Gray-Burriss's claims, and he thus fails to demonstrate a likelihood of success on the merits. Additionally, while Gray-Burriss's filing is not a model of clarity, the Court has no trouble determining the core of his claims. Finally, and as explained above, the factual issues of relevance here have already been explored in lengthy prior proceedings, leaving few, if any, undeveloped facts to investigate. Therefore,

---

[3] Even if construed as a challenge to the loss amount underlying the Guidelines calculation at sentencing, and even accepting that Gray-Burriss was entitled to have the entire amount of the employment contract excluded from the loss calculation, the sentence ordered would not have differed. See Gray-Burriss III, 920 F. 3d at 64 n.3 (noting that "[o]n remand, the district court determined that the same sentence was warranted"). Indeed, as the D.C. Circuit stated, the $27,000 in loss represented by the disputed contract would not have altered Gray-Burriss's Sentencing Guidelines range. See Gray-Burriss I, 791 F. 3d at 59 n.3. Nothing Gray-Burriss presents in his instant filing alters either of these conclusions. Therefore, to the extent his petition may be construed as challenging the loss amount relied upon at sentencing, the Court re-affirms that the ultimate sentence would not have differed even if the challenged contract amounts had been excluded from the loss calculation.

the Court determines that appointment of counsel at this stage would not be in the interests of justice.

### III.  Conclusion--

For the foregoing reasons, the Court will deny Gray-Burriss's Motion to Vacate Under 28 U.S.C. § 2255 and Gray-Burriss's Letter Motion Requesting Appointment of Counsel.  A separate Order shall accompany this memorandum opinion.

                                              CHRISTOPHER R. COOPER
                                              United States District Judge

Date:  October 5, 2020